*Cazahuatl Torres v. Garland*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of May, two thousand twenty-one.

Present:
        DEBRA ANN LIVINGSTON,
           *Chief Judge*,
        GUIDO CALABRESI,
        WILLIAM J. NARDINI,
           *Circuit Judges*.

---

ESTEBAN CAZAHUATL TORRES,

        *Petitioner*,

        v.                            19-1370

MERRICK B. GARLAND, UNITED STATES ATTORNEY
GENERAL,

        *Respondent*.

---

| | |
|---|---|
| For Petitioner: | DAVID A. HOFFMAN, (W. Logan Lewis, *on the brief*), Vinson & Elkins, LLP, New York, NY; Juan Quevedo Gutierrez, The Bronx Defenders, Bronx, NY. |
| For Respondent: | CHRISTIN M. WHITACRE, Trial Attorney, Office of Immigration Litigation (Kohsei Ugumori, Senior |

Litigation Counsel, *on the brief*), United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Esteban Cazahuatl Torres ("Cazahuatl Torres"), a native and citizen of Mexico, seeks review of an April 19, 2019, decision of the Board of Immigration Appeals ("BIA") affirming a December 7, 2018, decision of an Immigration Judge ("IJ") denying Cazahuatl Torres's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Esteban Cazahuatl Torres,* No. A 201 157 757 (B.I.A. Apr. 19, 2019), *aff'g* No. A 201 157 757 (Immig. Ct. N.Y.C. Dec. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA, *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005), reviewing the agency's legal conclusions de novo and its factual findings under the substantial evidence standard. *See Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013). Cazahuatl Torres claims that he has been the continued target of a smuggler in Mexico named "Salvador" after he identified two of Salvador's smuggling guides to U.S. immigration officials in 2011. In addition to allegations of threats that he received in Mexico from 2011 to 2015, Cazahuatl Torres alleges that he was also subject to kidnapping, sexual assault, and abuse in the United States at the hands of a smuggler named "Pablo" after he arrived in Arizona in 2015. Specifically, the IJ found credible Cazahuatl Torres's testimony that Pablo "confronted" Cazahuatl Torres after he arrived in the United States "for betraying Salvador." A.R. 35. The IJ explained:

[Pablo] pointed a pistol at [Cazahuatl Torres], told him that Salvador has a $10,000 bounty on his head, and forced [Cazahuatl Torres] to perform oral sex on him. [Cazahuatl Torres] was ill and was beaten with the pistol and fell unconscious, and thereafter, he was locked up by Pablo for approximately one month.

A.R. 35–36.

Cazahuatl Torres argues that the IJ and BIA (together, the "agency") failed to consider the facts surrounding his assault in the United States in reaching its conclusion that Cazahuatl Torres had not established a clear probability of future persecution or likelihood of torture in Mexico. We conclude that the record is unclear on this point.[1] The agency did not discuss the relevance of Cazahuatl Torres's testimony that Pablo told Cazahuatl Torres that he was a friend of Salvador and that Salvador had offered "$10,000 for [his] head" before sexually abusing him and holding him hostage in a cellar. This evidence, if credited, may demonstrate that Salvador had informed others about a "$10,000 bounty on [Cazahuatl Torres's] head," that others were willing to harm Cazahuatl Torres on Salvador's behalf, and that similar harm might again occur if Cazahuatl Torres returned to Mexico. Similarly, based on Cazahuatl Torres's testimony, it was likely not, as the IJ found, "speculative that Salvador necessarily kn[ew] or blame[d] [Cazahuatl Torres]" for identifying his guides to immigration authorities. A.R. 40.

---

[1] Pursuant to 8 C.F.R. § 1208.16(b)(1)(i), only evidence of past persecution "in the proposed country of removal" can give rise to a *presumption* "that the applicant's life or freedom would be threatened in the future in the country of removal." 8 C.F.R. § 1208.16(b)(1)(i). The parties assert that the agency applied the BIA's regulation in its analysis, and Cazahuatl Torres urges that we "not give any deference to the Agency's Geographic Restriction on past persecution because it fails both steps of the *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), analysis." Pet'r Br. 23–24. Neither the IJ nor the BIA, however, mentioned this regulation, and it is unclear from the record whether the agency actually applied it. Even assuming arguendo that the agency did apply the regulation and that the BIA's interpretation of the INA is entitled to deference, *see, e.g.*, *Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) ("It is reasonable to link the past persecution provision to the proposed country of removal."), the agency could still consider the harm Cazahuatl Torres faced in the United States as evidence supporting a likelihood of future persecution in Mexico. *See* 8 C.F.R. § 1208.16(b)(2). The record does not reflect whether the agency gave such consideration to Cazahuatl Torres's testimony.

Because the agency "ignor[ed] a significant aspect of [Cazahuatl Torres's] testimony . . . we are unable adequately to consider whether substantial evidence" in this case supports the BIA's determination that Cazahuatl Torres failed to demonstrate a well-founded fear of future persecution. *Chen v. I.N.S.*, 359 F.3d 121, 128 (2d Cir. 2004). Accordingly, we remand to the agency to consider this testimony in the first instance. On remand, the BIA may also consider whether Cazahuatl Torres has established membership in a particular social group or established that the government would be unwilling or unable to protect him for purposes of his withholding of removal claim, or whether Cazahuatl Torres has demonstrated government acquiescence as to his CAT claim.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4